UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKI CHANG,

Plaintiffs,

v.

CHARLES SAUNDERS et al.,

Defendants.

CASE NO. 2:25-cv-01405-JNW

ORDER

## 1. INTRODUCTION

This matter comes before the Court on several related motions: (1) three motions to dismiss filed by the City of Seattle Defendants ("City Defendants"),[1] Dkt. No. 11, the State of Washington Defendants ("State Defendants"),[2] Dkt. No. 24, and King County ("County Defendants"),[3] Dkt. No. 32; (2) Plaintiffs' motion for extension of time to serve defendants, Dkt. No. 38; (3) Plaintiff's motion to compel

---

[1] The City Defendants are the City of Seattle, Joshua Campbell, Jason Shirley, Elliott Fitzgerald, and Dan Jones.
[2] The State Defendants are the State of Washington, Kim Cornell, Dr. Riddhi Kothari, Brett Rubio, Jon Elvrom, Susan Diehl, and Nicholas Michiels.
[3] The County Defendants are King County, Elysia Ruvinsky, and Candace McGrue.

ORDER - 1

discovery of service addresses, Dkt. No. 40; (4) Plaintiff's motion for extension of time to file a surreply, Dkt. No. 51; and (5) Plaintiff's motion to compel pro bono mediation, Dkt. No. 56.

Having reviewed the motions and the relevant record, the Court GRANTS the motions to dismiss. The amended complaint fails to comply with Federal Rule of Civil Procedure 8(a)'s requirement of a short and plain statement of the claims. The amended complaint also fails to allege plausible claims against the City Defendants under Rule 12(b)(6). And the Eleventh Amendment bars Chang's claims for damages against the State of Washington and against the individual state defendants acting in their official capacities.

The Court dismisses all claims against the State of Washington with prejudice. The Court dismisses all remaining claims without prejudice and grants Plaintiff Chang twenty-one (21) days to file a second amended complaint that cures the deficiencies identified below.

## 2.  BACKGROUND

The facts below are drawn from the amended complaint, Dkt. No. 5, and the exhibits attached to it. In evaluating the motions to dismiss, the Court takes these allegations as Plaintiffs have pleaded them, without making any findings about their accuracy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff Vicki Chang is the biological mother of J.C., a minor child who is now in foster care and the subject of an ongoing dependency case in King County Superior Court. Chang alleges she has physical and mental health disabilities.

ORDER - 2

The amended complaint names about twenty defendants, including the State of Washington; various state agency employees; King County and county employees; the City of Seattle and city employees; and Charles and Mihaela Saunders, J.C.'s foster parents. Dkt. No. 5 at 2–5. The complaint asserts claims under Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983 for alleged violations of the First, Fourth, Eighth, and Fourteenth Amendments. *Id*. at 14–27.

The thrust of the complaint, as much as the Court can discern it, is that various defendants failed to provide Chang with services and accommodations related to her disabilities—including transportation, medical care, and rehabilitative services—and that the foster parents and social workers have mistreated J.C. and interfered with Chang's parental relationship. The complaint also references code enforcement actions involving Chang's property, a protection order proceeding, and alleged violations of settlement agreements in other litigation.

Chang has disclosed four other pending lawsuits, including an action in this Court currently on appeal to the Ninth Circuit and the dependency proceeding in King County Superior Court. *See* Dkt. No. 6. The State Defendants, City Defendants, and King County each moved to dismiss. Dkt. Nos. 11, 24, 32.

## 3.  PRELIMINARY MATTERS

Before reaching the motions to dismiss, the Court addresses Chang's pending motions and other preliminary matters.

ORDER - 3

**3.1    Chang's motion to compel "disclosure discovery" is denied.**

Chang moves to compel Defendants to provide service addresses for "King County, Elysia Ruvinsky, Candace McGrue, Chris Powell, and Tracy McDowell." Dkt. No. 40. Chang fashions this motion as a discovery dispute under Rule 26. The motion is denied.

Discovery obligations under Rule 26 do not apply to parties who have not yet been served. *See* Fed. R. Civ. P. 26(a)(1) (requiring initial disclosures by "a party"); Fed. R. Civ. P. 26(f) (requiring discovery conference among "the parties"). Until a defendant is properly served with process, that defendant is not a party to the litigation subject to discovery obligations. Chang's motion is, in substance, an attempt to circumvent her service obligations under Rule 4. A plaintiff bears the burden of effecting proper service; that burden cannot be shifted to defendants through discovery requests. Even if proper service has occurred, in most cases, discovery requests may not be served before the parties have conferred at the required Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1).

Moreover, the County Defendants represent that Chang has not served King County, Elysia Ruvinsky, and Candace McGrue, and therefore they cannot be compelled to provide their addresses. Dkt. Nos. 32, 34. Chang has not demonstrated that any served defendant has the requested information or that the information is even discoverable.

The Court DENIES Chang's motion to compel. Dkt. No. 40.

ORDER - 4

**3.2    Chang's motion for extension of time to serve defendants is granted.**

Chang asks the Court for an extension of time to serve "defendants King County, Elysia Ruvinsky, Candace McGrue, Chris Powell, and Tracy McDowell." Dkt. No. 38. She argues that defendants have "evaded and interfered with service by doing shoddy legal work" including interfering with privilege issues and refusing to "get medical records signed off" and for "refusing to provide transportation on other cases." *Id.* She also asserts that Rule 26 supports her request because she has sought service addresses from defense counsel "several times." She also claims that an extension is warranted since there is "plenty of time left on the statute of limitations" for her claims. *Id.*

Under Rule 4(m), a plaintiff must serve defendants within 90 days of filing the complaint, and the Court "must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to serve. Fed. R. Civ. P. 4(m). This rule applies to represented and unrepresented parties alike, but "pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993); *see Coleman v. Sweetin*, 745 F.3d 756, 767 (5th Cir. 2014) (dismissal with prejudice unwarranted where pro se litigant's failure to provide current address for service was negligent rather than recalcitrant). Given Plaintiff's pro se status and the Court's decision to grant leave to amend, *see below*, the motion is GRANTED.

If Plaintiff files a second amended complaint that asserts claims against these defendants, she must serve the previously unserved defendants within thirty

ORDER - 5

(30) days of filing that complaint. Failure to do so will result in dismissal of claims against unserved defendants without prejudice.

### 3.3    Chang's motion for extension of time to file surreply is denied.

Chang also filed a motion for extension of time to file a surreply to King County's "untimely response supporting [its] motion to dismiss." *See* Dkt. No. 51.

Surreplies are permitted with leave of court or under LCR 7(g) for the purpose of moving to strike material contained or attached to a reply brief. *See, e.g.*, *Amazon.com, Inc. v. SR Int'l Bus. Ins. Co. Ltd.*, No. C05-1177 MJP, 2005 WL 8172507, at *3 (W.D. Wash. Nov. 29, 2005) (granting motion to file surreply because of later "factual development[s] [that] changed the landscape of the litigation").

Chang's surreply makes no mention of King County's reply brief and instead she focuses on the motion to dismiss. Chang may not use the surreply process to reassert arguments against the motion to dismiss or other pending motions, such as her motion to compel and her motion for extension of time for service, that she could have raised in her moving papers or her opposition brief.

The Court DENIES Chang's request to file a surreply, Dkt. No. 51, and STRIKES the surreply in Dkt. No. 53.

### 3.4    Chang's motion to compel pro bono mediation and compel joint request for pro bono mediation is denied.

Chang moves to "compel pro bono mediation" and "a joint request for pro bono mediation." Dkt. No. 56. Attached to the motion is a series of emails that relate to a different case—the email subject lines reference "City v. Chang." *See* Dkt. No. 56-1.

ORDER - 6

Although the Court may order parties to mediation under LCR 39.1(c)(1), it declines to do so here. Mediation would be premature given the pending motions to dismiss and the pleading deficiencies in the amended complaint. *See below.* Until the Court resolves what claims, if any, will proceed, mediation would serve no useful purpose. The motion is DENIED. Dkt. No. 56.

## 3.5    Claims brought on behalf of minor J.C.

The caption to Chang's complaint identifies her minor son, J.C., as a plaintiff. But as a non-attorney, Chang cannot represent other people—including her child. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" because "it is not in the interest of minors . . . that they be represented by non-attorneys" (citation modified)). While there are rare exceptions to this rule, none apply here.

Chang does not claim to be an attorney, and the Washington State Bar Association's online lawyer directory does not list her as a legal professional. Thus, J.C.'s claims are not properly before the Court, as J.C. has not appeared through an attorney. J.C.'s claims, if any, are dismissed without prejudice. *Johns*, 114 F.3d at 877.

## 4.  DISCUSSION

## 4.1    Chang's amended complaint does not comply with Rule 8.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to

ORDER - 7

relief." The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). A complaint that violates Rule 8 may be dismissed. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1130–31 (9th Cir. 2008).

"Shotgun pleadings"— complaints written in such a way that the responding party is unable to discern what is being claimed against whom, making it difficult or impossible to frame a responsive pleading—violate Rule 8. *See McHenry v. Renne,* 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming dismissal on Rule 8 grounds when complaint at issue set out its claims in two sentences without specifying which of the 20 named defendants were liable for which claims); *see also Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

The amended complaint is shotgun pleading. It names approximately twenty defendants but repeatedly refers to "Defendants" collectively without identifying which specific defendant is alleged to have taken which specific action. For example, the complaint alleges that "Defendants" violated Plaintiffs' constitutional rights, but does not identify which defendant committed which violation.

Moreover, rather than straightforwardly stating her claims and allegations against the defendants in this suit, as required by Rule 8, her complaint contains conclusory statements and hard-to-follow timelines and facts. For instance, the complaint repeatedly references the "Hammer Agreement" and "Trueblood"

ORDER - 8

settlement as bases for relief, but Chang does not allege facts showing she is a beneficiary of those agreements or has standing to enforce their terms. And Chang's complaint contains pages of screenshots of court filings, a news article, photographs of a child, and medical records without explaining their relevance. A complaint so confusing that its "true substance, if any, is well disguised" may be dismissed sua sponte for failure to satisfy Rule 8. *Hearns*, 530 F.3d at 1131 (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

The result is that neither the defendants nor the Court can determine what claims are asserted against whom. The Court ORDERS Chang to replead her claims consistent with Rule 8. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) ("[T]he district court was entirely justified in holding that the complaint did not comply with Rule 8(a), and in ordering [the plaintiff] to replead."); *see also Johnson Enter. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998) ("District courts have the inherent authority to demand repleader sua sponte.").

## 4.2    Claims against the City Defendants.

Even construing the complaint liberally, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), the Court cannot discern any plausible claim against the City Defendants. The allegations appear to relate to code enforcement actions and a separate lawsuit, *City of Seattle v. Chang*, pending in King County Superior Court. *See* Dkt. No. 6. But the complaint does not identify what any individual City defendant did, when they did it, or how their conduct violated Chang's rights. To the extent the complaint asserts claims against the City of Seattle itself, it contains

ORDER - 9

no allegations of an official policy or custom as required for municipal liability under *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978).

Chang's Rehabilitation Act claim fares no better. Section 504 requires a plaintiff to show, among other things, that she was denied benefits "solely by reason of" her disability from a program receiving federal financial assistance. *See* 29 U.S.C. § 794(a). Chang identifies no federally funded program at issue and does not allege that any denial of services was because of her disability rather than for other reasons.

The City Defendants' motion to dismiss, Dkt. No. 11, is GRANTED.

### 4.3    Claims against the State of Washington.

The State moves to dismiss on multiple grounds, including Younger abstention and Eleventh Amendment immunity.

To start, the State argues that the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971), because of the pending dependency proceeding in King County Superior Court. Child custody and dependency proceedings implicate important state interests, and federal courts generally abstain from interfering with them. *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *see also Cook v. Harding,* 190 F. Supp. 3d 921, 936 (C.D. Cal. 2016) ("The power of a state to determine the custody of its youngest members is unique to the state, and accordingly federal courts should abstain from interference.") (citing *Moore,* 442 U.S. at 435). But the Court declines to rule on abstention at this time because the complaint is too vague to determine which

ORDER - 10

claims, if any, would interfere with the state proceeding. The State may reassert this defense if Chang files an amended complaint.

The Eleventh Amendment bars suits against a state in federal court absent a state's consent or congressional abrogation. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Washington has not consented to this suit, and Congress has not abrogated state sovereign immunity for claims under 42 U.S.C. § 1983. Indeed, the Supreme Court has held that states are not "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). Accordingly, Chang's Section 1983 claims against the State of Washington are barred and dismissed with prejudice.

As to Chang's ADA and Rehabilitation Act claims, Congress has abrogated state sovereign immunity for certain Title II claims. *See United States v. Georgia*, 546 U.S. 151, 159 (2006). However, the scope of that abrogation turns on the extent to which the State's alleged conduct also violated the plaintiff's Due Process rights under the Fourteenth Amendment. Because the amended complaint does not clearly articulate what ADA or Rehabilitation Act claims are asserted against the State or what conduct allegedly violated those statutes, the Court cannot evaluate whether abrogation applies. These claims are dismissed without prejudice, and the State may reassert its immunity defense if Chang files an amended complaint that adequately pleads such claims.

The motion to dismiss claims against the State of Washington is GRANTED. Chang's Section 1983 claims against the State are dismissed with prejudice, and her ADA/Rehabilitation Act claims are dismissed without prejudice.

ORDER - 11

### 4.3.1    Claims against the individual State Defendants.

The complaint names Dr. Riddhi Kothari, Brett Rubio, Jon Elvrom, Susan Diehl, and Nicholas Michels as defendants in their official capacities.

A suit against a state official in his or her official capacity is a suit against the state itself. *Will*, 491 U.S. at 71. If Chang seeks damages from the individual state defendants in their official capacities, those claims are barred by the Eleventh Amendment and are dismissed with prejudice.

However, under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against state officials for prospective injunctive relief to prevent ongoing violations of federal law. This exception does not apply to claims against the State itself, and it requires an ongoing violation of federal law, which Chang has not adequately alleged. If she seeks prospective relief, the amended complaint does not identify what ongoing violation is attributable to which official or what specific injunctive relief would remedy that violation. Accordingly, the Court cannot evaluate whether *Ex parte Young* applies.

As to Kim Cornell, the complaint does not specify whether she is sued in her official or individual capacity. To the extent that the complaint can be construed as asserting individual-capacity claims against Cornell (or any other individual State Defendants), such claims require allegations that she, through her own actions, violated Chang's constitutional rights. *Iqbal*, 556 U.S. at 676. The complaint's collective references to "Defendants" fail to identify what Cornell allegedly did to violate Chang's constitutional rights. These claims are dismissed without prejudice.

ORDER - 12

As for Chang's ADA Title II and Section 504 claims, those statutes do not provide for individual liability. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). To the extent that Chang asserts ADA or Rehabilitation Act claims against the individual state defendants, those claims are dismissed with prejudice.

The State Defendants also assert qualified immunity, but the Court declines to reach this defense. The complaint's pleading deficiencies prevent the Court from identifying what conduct is attributed to which defendant, which in turn prevents any meaningful analysis of this defense.

The motion to dismiss claims against the individual state defendants is GRANTED. Official-capacity damages claims and ADA/Rehabilitation Act claims against individuals are dismissed with prejudice. All other claims are dismissed without prejudice.

### 4.3.2    Claims against the foster parents.

The complaint names Charles and Mihaela Saunders, J.C.'s foster parents, as defendants. Section 1983 requires that a defendant act "under color of" state law. 42 U.S.C. § 1983. Private parties generally are not liable under Section 1983 unless they are "willful participant[s] in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). A foster parent's status as a state-licensed caregiver does not, standing alone, "transform [the foster parent] into a state actor." *Ismail v. Cnty. of Orange*, 693 F. App'x 507, 512 (9th Cir. 2017).

The complaint generally alleges that the Saunders failed to adequately care for J.C., but none of Chang's allegations, even accepted as true, establishes that the

ORDER - 13

Saunders acted under color of state law or in concert with state officials. Chang's claims against the Saunders are DISMISSED WITHOUT PREJUDICE. Dkt. No. 24.

### 4.4    Claims against County Defendants.

The County Defendants move to dismiss for failure to comply with Rule 8. Dkt. No. 32. The amended complaint suffers from the same pleading deficiencies as to King County that it does for other defendants. The allegations appear to relate to refusals to provide transportation or reimbursement for various expenses. But the complaint does not identify which County defendant took which action, when, or how the alleged conduct violated any specific right.

The County Defendants also move to dismiss under Rules 12(b)(2) and 12(b)(5), arguing the Court lacks personal jurisdiction over defendants McGrue and Ruvinsky due to insufficient service of process. Because the claims against all King County defendants fail under Rule 12(b)(6), the Court does not reach these alternative grounds.

The County Defendants' motion to dismiss is GRANTED. Dkt. No. 32. All claims against King County and King County employees are dismissed without prejudice.

ORDER - 14

**4.5    Claims against Christopher Williams, Tracy McDowell, and Steve Myers.**

Chang's amended complaint names Christopher Williams[4] and Tracy McDowell as defendants, and it identifies them as employees of "Seattle Children's Health" and purports to sue them in their official capacity. Dkt. No. 5 at ¶¶ 3.16–3.17. Williams and McDowell have not been served, have not appeared, and have not filed any responsive pleadings. *See* Dkt. Nos. 38, 40.

The Court dismisses the claims against Williams and McDowell without prejudice under Rule 4(m) for failure to serve within 90 days. The claims against them also fail under Rule 8 for the reasons identified above—Chang's allegations against Williams and McDowell are hard to follow and conclusory, and it is unclear which legal claims or theories she is pursuing against them.

Chang's amended complaint also names Steve Myers as a defendant, identifying him as a "3rd party contractor of State of WA DCYF." Dkt. No. 5 at ¶ 3.5. The State Defendants' motion to dismiss does not include Myers among the defendants it represents. See Dkt. No. 24. Whether this omission was intentional or inadvertent is unclear, and it is also uncertain whether Myers has been properly served. In any event, Chang's claims against Myers are subject to dismissal under Rule 8 for the reasons already stated.

---

[4] Chang refers to this defendant as "Christopher Powell" in her motions for extension of time to serve and motion to compel, Dkt. Nos. 38, 40, but identifies him as "Christopher Williams" in her complaint, Dkt. No. 5. The Court uses the name as it appears in the complaint.

ORDER - 15

Accordingly, all claims against defendants Christopher Williams, Tracy McDowell, and Steve Myers are DISMISSED WITHOUT PREJUDICE.

## 5. CONCLUSION

In sum, the Court orders as follows:

1.  Chang's motion to compel discovery, Dkt. No. 40, is DENIED.

2.  Chang's motion for extension of time to serve defendants, Dkt. No. 38, is GRANTED. If Plaintiff files a second amended complaint that asserts claims against defendants King County, Elysia Ruvinsky, Candace McGrue, Chris Powell, and Tracy McDowell, she must serve them within thirty (30) days of filing her second amended complaint. Failure to do so will result in dismissal of claims against unserved defendants without prejudice.

3.  Chang's motion for extension of time to file surreply, Dkt. No. 51, is DENIED, and the surreply, Dkt. No. 53, is STRICKEN.

4.  Chang's motion to compel pro bono mediation, Dkt. No. 56, is DENIED.

5.  All claims brought on behalf of minor J.C. are DISMISSED WITHOUT PREJUDICE.

6.  The City Defendants' Motion to Dismiss, Dkt. No. 11, is GRANTED. All claims against the City of Seattle and the individual City Defendants are DISMISSED WITHOUT PREJUDICE.

7.  The State Defendants' Motion to Dismiss, Dkt. No. 24, is GRANTED as follows:

ORDER - 16

a. All claims against the State of Washington under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE.

b. All other claims against the State of Washington are DISMISSED WITHOUT PREJUDICE.

c. All claims under the ADA and Rehabilitation Act against the individual state defendants in their individual capacities are DISMISSED WITH PREJUDICE.

d. All other claims against the individual state defendants are DISMISSED WITHOUT PREJUDICE.

e. All claims against Charles and Mihaela Saunders are DISMISSED WITHOUT PREJUDICE.

8. The County Defendants' Motion to Dismiss, Dkt. No. 32, is GRANTED. All claims against King County and any King County defendants are DISMISSED WITHOUT PREJUDICE.

9. All claims against Christopher Williams, Tracy McDowell, and Steve Myers are DISMISSED WITHOUT PREJUDICE.

10. Chang may file a second amended complaint within twenty-one (21) days of this order. The amended complaint will operate as a complete substitute for Chang's amended complaint. Thus, the second amended complaint must not cross-reference her previous complaints and must address—if possible—the deficiencies identified above and comply with Fed. R. Civ. P. 8 by providing a short plain statement of each claim. For example, statements identifying (1) the right violated, (2) the name of the

ORDER - 17

defendant who violated that right, (3) the specific, wrongful acts of the defendant, (4) when the acts occurred, and (5) the resulting injuries would suffice. It may be necessary to repeat this process for each named defendant. Failure to file a proper amended complaint within 21 days of this order will result in dismissal of this action.

The Clerk of Court will note this matter on the Court's calendar for review 21 days from the date of this Order.

Dated this 26th day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 18