UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICKI CHANG,

                    Plaintiff,

        v.

CHARLES SAUNDERS et al.,

                    Defendants.

CASE NO. 2:25-cv-01405-JNW

ORDER

## 1.  INTRODUCTION

This matter comes before the Court on several related motions: (1) three motions to dismiss filed by the State of Washington Defendants ("State Defendants"),[1] Dkt. No. 66, the King County Defendants ("County Defendants"),[2] Dkt. No. 67, and the City of Seattle Defendants ("City Defendants"),[3] Dkt. No. 72;

[1] The State Defendants are the State of Washington, Charles and Mihaela Saunders, Kim Cornell, Dr. Riddhi Kothari, Brett Rubio, Jon Elvrom, Susan Diehl, and Nicholas Michiels.

[2] The County Defendants are King County, Elysia Ruvinsky, and Candace McGrue.

[3] The City Defendants are the City of Seattle, Joshua Campbell, Jason Shirley, Elliott Fitzgerald, and Dan Jones.

ORDER - 1

(2) two motions for a preliminary injunction, Dkt. Nos. 79, 90; (3) a motion for leave to file surreply, Dkt. No. 86; and (4) a motion for disability accommodation, Dkt. No. 92.

This Court previously dismissed Chang's First Amended Complaint and ordered her to replead her complaint in compliance with Federal Rule of Civil Procedure 8. Dkt. No. 60. Chang has now filed her Second Amended Complaint ("SAC"), Dkt. No. 65. Having reviewed the motions and the record, the Court GRANTS the motions to dismiss and DENIES Chang's remaining motions. Because the deficiencies identified in the Court's prior order remain uncured and further amendment would be futile, the dismissal is with prejudice except as stated in the Conclusion.

## 2.  BACKGROUND

The facts below are drawn from the Second Amended Complaint, Dkt. No. 65. In evaluating the motions to dismiss, the Court takes Chang's allegations as true, without making any findings about their accuracy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Chang is the biological mother of J.C., a minor child in foster care. Husband and wife, Charles and Mihaela Saunders were assigned as J.C.'s foster parents in March 2022. Chang alleges that she has physical and mental health disabilities. The SAC alleges that Defendants failed to provide Chang with services and accommodations related to her disabilities, that J.C.'s foster parents and social workers mistreated J.C. and interfered with Chang's parental relationship, that County Defendants committed code-enforcement violations on her property, and

ORDER - 2

that various defendants violated settlement agreements arising from other litigation. Chang sues under the First, Fourth, Eighth, and Fourteenth Amendments through 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act (ADA); Section 504 of the Rehabilitation Act, the Civil Rights Act of 1964; the Washington Law Against Discrimination (WLAD); and other state laws. Dkt. No. 65 at 4.

## 3.  DISCUSSION

### 3.1    Claims brought on behalf of minor J.C.

As discussed in previous orders, Chang, as a non-attorney, cannot represent another person, including her minor child. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" because "it is not in the interest of minors . . . that they be represented by non-attorneys" (citation modified)). The SAC again names J.C. as a plaintiff, but J.C. has not appeared through counsel. Thus, any claims brought on behalf of J.C. are not properly before the Court. J.C.'s claims, if any, are dismissed. *Johns*, 114 F.3d at 877.

### 3.2    The Court denies Chang's motion for leave to file a surreply.

Chang moved for leave to file surreplies responding to what she characterizes as "new claims" in Defendants' replies, including arguments that Defendants are "unconnected," that federal service rules are "very different," and misstatements about the *Trueblood* and *Hammer* settlement agreements. Dkt. No. 86. These points are not newly raised, as they respond to allegations in Chang's SAC, Dkt. No. 65,

ORDER - 3

which Chang had the opportunity to address in her oppositions. Furthermore, Chang's surreplies raise extraneous arguments and exceed the word limit under Local Civil Rule 7(g). Accordingly, the Court DENIES the motion, Dkt. No. 86, and STRIKES Chang's surreplies at Dkt. Nos. 84, 85, and 87.

### 3.3    Chang's Second Amended Complaint does not comply with Rule 8.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified). A complaint that violates Rule 8 may be dismissed. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1130–31 (9th Cir. 2008). So-called "shotgun pleadings"—complaints written in such a way that the responding party is unable to discern what is being claimed against whom, making it difficult or impossible to frame a responsive pleading—violate Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming dismissal on Rule 8 grounds when complaint at issue set out its claims in two sentences without specifying which of the 20 named defendants were liable for which claims); *see also Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").

The SAC is a shotgun pleading. Although Chang now names the defendants individually, the SAC still fails to plausibly explain what each defendant did to

ORDER - 4

violate her rights. Her claims are largely repeated against shifting groups of "all defendants" without connecting specific conduct to specific parties. Dkt. No. 65 at 18–31. A complaint so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. *Hearns*, 530 F.3d at 1131 (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). The Court nonetheless addresses each claim to explain why amendment would be futile.

### 3.3.1    Chang fails to state a claim under the Americans with Disabilities Act and the Rehabilitation Act.

To state a claim under Title II of the ADA or Section 504 of the Rehabilitation Act, a plaintiff must plead that she was denied or excluded from a benefit, program, or service because of, or by reason of, their disability. *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). Chang alleges that she was excluded from educational rehabilitation, mortgage loans, crime victim restitution, and trips to protestant religious group meetings. She also alleges that she was forced to live in uninhabitable housing with a discriminatory landlord and that Defendants refused to provide her with disability accommodations in response to break-ins, vandalism, trespass, and harassment she experienced at her property. She also alleges that Defendants failed to provide her with accommodations during her dependency and termination proceedings. Dkt. No. 65 at 25–26. Chang's allegations for this claim are wholly conclusory—she does not explain how or why her disability caused any denial of those services or why she was entitled to those services in the first place.

ORDER - 5

As to the State of Washington, the Court previously dismissed the ADA and Rehabilitation Act claims against the State of Washington as barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State has not waived immunity, and Chang has failed to articulate a plausible claim against the State. The State is entitled to Eleventh Amendment immunity.

### 3.3.2    Chang fails to state a claim under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or federal law. 42 U.S.C. § 1983. "A court evaluating a claim of qualified immunity 'must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). Where no constitutional right has been infringed, there can be no liability under Section 1983.

The State of Washington is not a "person" subject to suit under Section 1983, *Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002), so Chang's Section 1983 claims against the State fail for that reason. As for Defendants Charles and Mihela Saunders, Chang has not shown that these private foster parents acted under color of state law. *Safouane v. Fleck*, 226 F. App'x 753, 766–67 (9th Cir. 2007). Chang asserts that the State was involved in the Saunders's filing of a lawsuit and protection order against Chang, however, she does not allege facts showing that "the state has so far insinuated itself into a position of

ORDER - 6

interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (citation omitted).

Against the remaining defendants, the SAC does not identify any cognizable constitutional violation. Chang does not explain how she engaged in protected first amendment activity or how Defendants interfered with her freedom of speech or freedom of religion. Chang does not explain how Defendants conducted an unreasonable search and seizure in violation of her Fourth Amendment rights. Chang does not assert that she was subject to infliction of pain while imprisoned in violation of the Eighth Amendment. And Chang does not identify any substantive or procedural due process violations under the Fourteenth Amendment. Having failed to allege facts demonstrating that a constitutional violation occurred, her Section 1983 claims fail. To the extent she seeks damages from the individual defendants, that same failure entitles them to qualified immunity. *Nunes v. Arata, Swingle, Van Egmond & Goodwin*, 983 F.3d 1108, 1112 (9th Cir. 2020).

### 3.3.3    Chang fails to state a claim under the Civil Rights Act of 1964.

Chang alleges that all defendants violated the Civil Rights Act of 1964, but she does not identify which provision defendants violated and how. She asserts race discrimination without alleging facts connecting any Defendants' conduct to her race. Dkt. No. 65 at 29–30. The claim is conclusory and fails.

ORDER - 7

**3.4    The Court will not exercise supplemental jurisdiction over Chang's remaining state law claims.**

Chang asserts claims under the WLAD and for malicious prosecution, harassment, timber trespass, and intentional infliction of emotional distress against "all named Defendants." Dkt. No. 65 at 31. Having dismissed every federal claim, the Court declines to exercise supplemental jurisdiction over Chang's remaining state-law claims and dismisses them without prejudice. *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))).

**3.5    Defendants Williams, McDowell, and Myers.**

Defendants Christopher Williams, Tracy McDowell, and Steve Myers have neither been served nor appeared, and the Court previously dismissed the claims against them without prejudice. Dkt. No. 60 at 15–16. The SAC suffers from the same Rule 8 defects as to these defendants, and Chang has not shown that they were timely served. The claims against them are again dismissed.

**3.6    The Court denies Chang's motions for injunctive relief.**

Chang filed a motion for preliminary injunctive relief, Dkt. No. 79, and a motion for a permanent injunction, Dkt. No. 90. A preliminary injunction is "an extraordinary remedy" available only on a clear showing that the movant is likely to succeed on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008). Because the Court dismisses the SAC, both motions are denied as moot; in the alternative, they fail on the merits, as Chang's dismissed claims cannot

ORDER - 8

establish a likelihood of success. To the extent the motions seek relief on behalf of J.C., they are denied for the reasons stated in Section 3.1.

### 3.7    The Court denies Chang's motion for disability accommodations.

Chang seeks several disabilities accommodations in this case. Dkt. No. 92. Chang asks for the Court to order City Defendants to supply Chang with "paper copies;" for transcription services for oral argument; for appointment of counsel; for a printing budget; for published federal civil litigation materials; and for transportation to hearings. *Id.* at 1. Chang's motion largely reasserts the underlying claims in her SAC, which have nothing to do with her request in this motion. She claims that as a member of the *Trueblood* class she is entitled to disability accommodation services. *Trueblood v. State of WA DSHS*, 822 F.3d 1037, 1043 (9th Cir. 2016) (holding that imprisoned individuals with mental illness have a constitutional right to timely competency evaluations and restorative treatments while incarcerated). It is not clear if Chang is a member of the *Trueblood* class, or why her membership would require disability accommodations in this matter. Most importantly, Chang's motion fails because she does not explain why she needs the requisite accommodations she asks for. Her request for transportation to hearings and for oral transcription services are premature and unnecessary at this stage, where no hearing has been scheduled.

As for her request for an appointment of counsel, the decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103

ORDER - 9

(9th Cir. 2004) (internal quotation omitted). To determine whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [their] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). *See also* General Order 07-23, § 2(3), 3(b) (District's Plan for the Representation of Pro Se Litigants in Civil Rights Actions). Chang's motion does not indicate that she has attempted to secure counsel, but more importantly, because the Court dismisses the SAC, Chang has not made the necessary showing of likely success on the merits. Thus, the motion for disabilities accommodations is denied.

### 3.8    Leave to amend.

Ordinarily, when a court dismisses a pro se plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). Here, it is abundantly clear to the Court that further amendment would be futile. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect"). Chang has been provided opportunities to comply with Rule 8, but she has not done so. District courts have "particularly broad" discretion in denying amendment when leave to amend has previously been granted. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1117 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

ORDER - 10

Finding further amendment futile, the Second Amended Complaint is DISMISSED with prejudice excepted as noted below. Dkt. No. 65.

## 4. CONCLUSION

Accordingly, the Court orders as follows:

1. Defendants' motions to dismiss, Dkt. Nos. 66, 67, 72 are GRANTED. Plaintiff's Second Amended Complaint, Dkt. No. 65 is DISMISSED. The dismissal is WITH PREJUDICE as to the federal claims against the moving defendants, except that the claims asserted on behalf of J.C., the state-law claims, and the claims against Defendants Williams, McDowell, and Myers are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's motions for injunctive relief are DENIED, Dkt. Nos. 79, 90.

3. Plaintiff's motion for leave to file surreply is DENIED, Dkt. No. 86, and the surreplies are STRICKEN, Dkt. Nos. 84, 85, and 87.

4. Plaintiff's motion for disability accommodations is DENIED, Dkt. No. 92.

The Clerk is directed to close the case.

Dated this 29th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 11